IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KEITH PAYNE,                   )       Case No. 8:10CV0033

                         )
           Plaintiff,          )
                         )

v.                            )       **ANSWER OF DEFENDANT**
                         )             **MID-TEC, INC.**

BEEF PRODUCTS, INC.; MID-TEC, INC.;   )
and ZACHRY ENGINEERING           )
CORPORATION f/k/a UTILITY          )
ENGINNERING CORPORATION,       )
                         )
           Defendants.        )

Defendant Mid-Tec, Inc., states the following as its Answer to the Complaint of Plaintiff:

       1.      Defendant admits paragraph 1 of the Complaint.

       2.      Defendant admits paragraph 2 of the Complaint.

       3.      Defendant admits paragraph 3 of the Complaint.

       4.      Defendant does not have sufficient information to form a belief as to the truth of the matter asserted in this paragraph, and therefore denies same.

       5.      Defendant does not have sufficient information to form a belief as to the truth of the matters asserted in this paragraph, and therefore denies same at this time.

       6.      Defendant does not have sufficient information to form a belief as to the truth of the matters asserted in this paragraph, and therefore denies same at this time.

       7.      Defendant admits paragraph 7 of the Complaint.

       8.      Defendant does not have sufficient information to form a belief as to the truth of the matter asserted in this paragraph, and therefore denies same.

       9.      Defendant admits that it was a contractor on the subject project, but denies that it

was the "general" contractor.

10. Defendant admits that Lieber Construction performed excavation work on the subject project, but otherwise denies paragraph 10 of the Complaint.

11. Defendant denies paragraph 11 of the Complaint.

12. Defendant admits that on July 11, 2007 Lieber Construction used a long backhoe on the subject project, but otherwise denies the allegations of paragraph 12 of the Complaint.

13. Defendant admits that Plaintiff was working in a partially excavated pit on July 11, 2007, but otherwise denies the allegations of paragraph 13 of the Complaint.

14. On information and belief, Defendant admits that Mr. Payne was cleaning off concrete piers in the partially excavated pit at the BPI facility on July 11, 2007, as asserted in paragraph 14 of the Complaint.

15. Defendant denies paragraph 15 of the Complaint, for lack of sufficient information to form a belief as to the truth of the matters asserted.

16. Defendant denies paragraph 16 of the Complaint, for lack of sufficient information to form a belief as to the truth of the matters asserted.

17. Defendant denies paragraph 17 of the Complaint, for lack of sufficient information to form a belief as to the truth of the matters asserted.

18. Defendant denies paragraph 18 of the Complaint, for lack of sufficient information to form a belief as to the truth of the matters asserted.

19. Defendant denies paragraph 19 of the Complaint, for lack of sufficient information to form a belief as to the truth of the matters asserted.

20. Defendant denies paragraph 20 of the Complaint, for lack of sufficient information to form a belief as to the truth of the matters asserted.

21.     Defendant denies paragraph 21 of the Complaint, for lack of sufficient information to form a belief as to the truth of the matters asserted.

22.     Defendant denies paragraph 22 of the Complaint, for lack of sufficient information to form a belief as to the truth of the matters asserted.

23.     Defendant denies paragraph 23 of the Complaint, for lack of sufficient information to form a belief as to the truth of the matters asserted.

24.     Defendant denies paragraph 24 of the Complaint, for lack of sufficient information to form a belief as to the truth of the matters asserted.

25.     In response to paragraph 25 of the Complaint, Defendant incorporates herein by this reference as if fully set forth its responses to paragraphs 1-24 as set forth above.

26.     In response to paragraph 26 of the Complaint, Defendant denies that it was the general contractor on the project, but admits that it was an excavation contractor on the project, and that BPI was the owner of the facility.  As to the balance of paragraph 26, Defendant denies same for lack of sufficient information to form belief as to the truth of the matter asserted.

27.     Defendant denies paragraph 27 of the Complaint.

28.     Defendant denies paragraph 28 of the Complaint.

29.     Defendant denies paragraph 29 of the Complaint.

30.     In response to paragraph 30 of the Complaint, Defendant incorporates herein by this reference its responses to paragraphs 1-29 as set forth above.

31.     Defendant denies paragraph 31 of the Complaint.

32.     Defendant alleges affirmatively that Plaintiff was negligent and that his negligence was a proximate cause of his injuries and damages, and sufficient to bar him from making recovery in any amount.

33.     Defendant further alleges affirmatively that Plaintiff's injuries and damages were proximately caused by the actions of some other person, entity or party over whom this Defendant had no control or right of control.

34.     Defendant further alleges affirmatively that Plaintiff's Complaint fails to state a cause of action against it for which relief may be granted.

35.     Defendant further alleges affirmatively that Plaintiff assumed the risk of his injuries.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Mid-Tec, Inc., moves the Court for an Order dismissing it from this lawsuit, at Plaintiff's cost.

DATED this 15th day of March, 2010.

MID-TEC, INC., Defendant

/s/ David D. Ernst
PANSING HOGAN ERNST & BACHMAN LLP
10250 Regency Circle, Suite 300
Omaha, Nebraska 68114
(402) 397-5500
(402) 397-3834 (fax)
By:     David D. Ernst - #17292
        Attorneys for Defendant

-4-

## Certificate of Service

The undersigned hereby certifies that a copy of the foregoing has been furnished to the following by electronically filing of same with the clerk of court using the CM/ECF system which sent notification of the filing on the 15th day of March, 2010.

Robert M. Slovek
Matthew M. Enenbach
Kutak Rock LLP
The Omaha Building
1650 Farnam Street
Omaha, Nebraska 68102-2186

Patrick J. Phipps
Thomas, Phipps and Thompson
P.O. Box 442
Moville, Iowa 51039

Mr. Douglas L. Philips
Klass Law Firm, LLP
Mayfair Center
4280 Sergeant Road, #290
Sioux City, Iowa 51106

Mr. William R. Johnson
Lamson Dugan & Murray, LLP
10306 Regency Parkway Drive
Omaha, Nebraska 68114-3743

_____
/s/ David D. Ernst