# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEITH PAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV33 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BEEF PRODUCTS, INC., | ) | |
| MID-TEC, INC., | ) | |
| ZACHRY ENGINEERING | ) | |
| CORPORATION, f/k/a | ) | |
| UTILITY ENGINEERING CORPORATION | ) | |
| and BPI TECHNOLOGY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Mid-Tec, Inc.'s (Mid-Tec) Motion for Leave to File Third Party Complaint (Filing No. 57). Mid-Tec seeks to add third-party Lieber Construction, Inc. (Lieber) and filed the proposed Third Party Complaint (Filing No. 57-2) and a summons attached to the motion. Mid-Tec filed a brief (Filing No. 58) and an index of evidence (Filing No. 59) in support of the motion. The plaintiff filed a brief (Filing No. 68) and an index of evidence (Filing No. 69) in opposition to the motion. Mid-Tec filed a brief (Filing No. 71) in reply. No other party participated in the briefing of the motion.

## BACKGROUND

This case arises from injuries the plaintiff received when the hoe bucket of a long-backhoe dragged him approximately ten feet and severed his left leg while he working in a partially excavated pit, on July 11, 2007. **See** Filing No. 65 - Amended Complaint ¶¶ 16-20. The plaintiff filed this action initially on January 25, 2010, and filed an amended complaint on August 13, 2010. **See** Filing No. 1; Filing No. 65. The amended complaint alleges the defendants are liable for the plaintiff's injuries under a theory of negligence based on failures to warn and failures to take certain safety precautions. **See** Filing No. 65 - Amended Complaint ¶ 30. The plaintiff alleges Beef Products, Inc. (BPI) was the owner of the facility under construction, BPI Technology, Inc. was a construction

supervisor, Utility Engineering Corporation was a construction manager, and Mid-Tec was a general contractor. *Id.* ¶ 28. Lieber assisted with excavation for the project, which was undertaken to expand BPI's facility near South Sioux City, Nebraska. *Id.* ¶¶ 8, 12. At the time of the injury, Lieber employed the plaintiff as a laborer. *Id.* ¶ 13.

Mid-Tec seeks to file a third-party complaint against Lieber for indemnification stemming from a written agreement between Mid-Tec and Lieber. **See** Filing No. 58 - Brief p. 1-2. The plaintiff opposes Mid-Tec's motion based on the plaintiff's receipt of benefits from Lieber's workers' compensation insurer, Continental Western Insurance, pursuant to Iowa Code § 85.20. **See** Filing No. 68 - Brief p. 1-2. The plaintiff argues Mid-Tec's claims against Lieber are futile because the plaintiff is precluded from bringing suit against Lieber and fault for the accident should not be allocated against Lieber. *Id.* at 3-5. Additionally, the plaintiff contends the contractual issues between Mid-Tec and Lieber are to be determined by the court, without the jury, and should be determined in a separate action to avoid confusion, complexity and undue prejudice to the plaintiff. *Id.* at 5-8. Mid-Tec denies its contract claim against Lieber is limited by workers' compensation laws. **See** Filing No. 71 - Reply p. 2-5. Further, Mid-Tec argues Lieber may be held liable to Mid-Tec and be apportioned fault, as compared to the other defendants, under the contract provisions and relevant case law. *Id.* at 5-6. Mid-Tec contends, that while it is a matter for the court to determine whether comparative fault principles apply, a jury may allocate the fault among the parties. *Id.* at 7-8. Finally, Mid-Tec asserts it is appropriate, more efficient, and less prejudicial overall to conduct discovery and try the plaintiff's claims and Mid-Tec's claims together. *Id.* at 8-9. Mid-Tec argues it may lose the opportunity to raise the comparative fault issues against Lieber after an allocation of fault between the present defendants is determined. *Id.* at 9-10.

The deadline for the defendants to file motions to amend the pleadings or add parties was September 13, 2010. **See** Filing No. 49 - Text Order. Mid-Tec filed the current motion on July 30, 2010. **See** Filing No. 57. The planning conference in this case was continued from August 2, 2010, until November 12, 2010, to allow time for the plaintiff to amend his complaint and for the court to resolve Mid-Tec's motion. **See** Filing No. 61 - Text Order. The court has yet to schedule trial or a deadline for discovery.

## ANALYSIS

Based on the timing of Mid-Tec's motion, Federal Rule of Civil Procedure 14(a)(1) requires leave of court for filing a third-party complaint. **See** Fed. R. Civ. P. 14. Rule 14 further provides: "A defending party may, as third-party plaintiff, serve a summons and complaint on a ***nonparty who is or may be liable to it for all or part of the claim against it***." Fed. R. Civ. P. 14(a)(1) (emphasis added). "Where leave to bring in additional parties is requested, discretion rests in the trial court to determine whether relief should be granted." *Agrashell, Inc. v. Hammons Prods. Co.*, 352 F.2d 443, 448 (8th Cir. 1965). In determining the merits of a motion to add third-party defendants under Rule 14, the court observes the standards applied to motions to amend under Rule 15. **See** *National Gypsum Co. v. Continental Brands Corp.*, 895 F. Supp. 328, 344 (D. Mass. 1995) (**citing** *Kalman v. Berlyn Corp.*, 914 F.2d 1473, 1479 (Fed. Cir. 1990)).

Generally, a court should grant leave to amend pleadings freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation and citation omitted). The party opposing the amendment has the burden of demonstrating the amendment would be unfairly prejudicial. *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001); **see** *Hanks v. Prachar*, 457 F.3d 774, 775 (8th Cir. 2006). There is no absolute right to amend. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008).

Mid-Tec provides evidence and legal support indicating Lieber, who is currently a nonparty, is or may be liable to Mid-Tec for all or part of the plaintiff's claim against Mid-Tec. Additionally, Mid-Tec's motion to file a third-party complaint is timely. The plaintiff argues the third-party complaint is futile or would cause unfair prejudice to him. However, the plaintiff acknowledges Mid-Tec may pursue an action against Lieber for indemnification under the terms of the agreement. **See** Filing No. 68 - Brief p. 8. Rather, the plaintiff suggests the additional claims may complicate this case and raise issues immaterial to the plaintiff's own claims. *Id.* Under the circumstances in this case, the plaintiff has failed to show undue prejudice by allowing Mid-Tec to file the third-party complaint. The level of

complexity due to having certain issues determined by the court instead of the jury or requiring the jury to apply a variety of facts to dissimilar parties does not establish undue prejudice. Further, such complexity may be controlled, and prejudice limited, at the time of trial and does not act as a bar to claims at this stage of proceedings. Upon consideration,

**IT IS ORDERED:**

1. Mid-Tec, Inc.'s Motion for Leave to File Third Party Complaint (Filing No. 57) is granted.

2. Mid-Tec, Inc. shall have to **on or before October 13, 2010**, to file the Third-Party Complaint.

DATED this 30th day of September, 2010.

BY THE COURT:


s/ Thomas D. Thalken
United States Magistrate Judge